**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0682n.06

No. 10-5135

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Sep 26, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| TRACY BAILEY, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before: MOORE and ROGERS, Circuit Judges; HOOD, District Judge.** [*]

**KAREN NELSON MOORE, Circuit Judge.** Tracy Bailey pleaded guilty to illegal possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). A Presentence Report prepared by the United States Probation Office concluded that, under the United States Sentencing Guidelines ("U.S.S.G."), Bailey's offense level was twenty-one and his criminal history category was VI. The Presentence Report therefore recommended a sentence between seventy-seven and ninety-six months of imprisonment. The district court ordered a sentence of 120 months to be served consecutively to Bailey's prior fourteen-year state sentence for an unrelated offense. Bailey timely appeals and argues that the sentence is unreasonable because the district court gave improper weight to his mental-health issues and inadequate consideration to the state sentence that he was already

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

serving. Because we conclude that the sentence imposed by the district court was not unreasonable, we **AFFIRM**.

## I. BACKGROUND

On April 10, 2008, Bailey went to the state probation office. R. 15 (Factual Basis for Plea). Bailey had been convicted of robbery and was serving probation at the time of his visit. *Id.* The state probation office contacted detectives from the Hamilton County Sheriff's Office, who came and arrested Bailey pursuant to outstanding state warrants for Attempted First Degree Murder and Especially Aggravated Assault.[1] *Id.* During a search of Bailey's person incident to the arrest, detectives found a Charter Arms .38 caliber revolver.[2] *Id.* Bailey was thereafter indicted by a federal grand jury for violating 18 U.S.C. § 922(g)(1), which prohibits individuals previously imprisoned for more than one year from possessing a firearm. R. 1 (Indictment). Bailey entered a guilty plea without a plea agreement. R. 20 (Dist. Ct. Order).

The United States Probation Office prepared a Presentence Report ("PSR") dated July 29, 2009, and distributed that report to the district court and counsel. PSR; R. 32 (Sent. Tr. 9/10/09 at 2-3). The PSR stated that Bailey's total offense level was twenty-one and that his criminal history category was VI. PSR at 5, ¶ 20 & 18, ¶ 42. It also stated that "the guideline range for imprisonment

---

[1]Bailey subsequently pleaded guilty to lesser charges in state court on March 18, 2009. PSR at 16; R. 33 (Sent. Tr. 1/21/10 at 5) (noting defense counsel's statement that Bailey pleaded to "lesser included offenses" than those listed in paragraph forty of the PSR).

[2]The prosecution also alleged that the detectives found 0.7 grams of crack cocaine, but Bailey did not admit to this fact. R. 34 (Rearraignment Hr'g Tr. at 19).

[was] 77 to 96 months" and, because the violation occurred while Bailey was on probation, the PSR recommended that the sentence be "imposed consecutively" pursuant to Application Note 3(C) to U.S.S.G. § 5G1.3. *Id.* at 23, ¶¶ 63-64. The PSR concluded that there were "no known mitigating or aggravating circumstances concerning the offense or the defendant that would warrant a departure from the advisory guideline range." *Id.* at 24, ¶ 73. Neither party objected to the contents of the PSR. R. 32 (Sent. Tr. 9/10/09 at 3).

At the hearing on September 10, 2009, the district court remarked that "this is a case where the Court might contemplate a nonguidelines sentence." *Id.* at 2. The court also stated that "it strikes the Court that [Bailey] may be a sociopath" and that "[t]here is no treatment for that at all." *Id.* at 11. The district court and counsel agreed that it would be best to continue the hearing pending an evaluation of Bailey's mental health. *Id.* at 10-12. An order to that effect was entered on September 17, 2009. R. 23 (Dist. Ct. Order).

In a report dated December 11, 2009, a mental-health evaluator concluded that "Bailey does not suffer from a severe mental disease or defect" and "does not require inpatient hospitalization." R. 28 (Sealed Forensic Report at 1). The evaluator described Bailey as "an unreliable and evasive historian" who provided contradictory information, *id.* at 4, and appeared to malinger on the psychological evaluations performed, *id.* at 10-11. The evaluator noted that other records indicated that Bailey was a victim of sexual abuse at age twelve, *id.* at 4, diagnosed with ADHD at age eight, *id.* at 6, and suffers from sickle cell anemia, *id.* at 10. The evaluator indicated that even though Bailey and his family members reported that he suffered from bipolar disorder, there were "no

records actually reflect[ing] such a diagnosis" and Bailey did not "endorse" or "display such symptoms" of the disorder. *Id.* at 12. The evaluator concluded that Bailey was properly diagnosed with antisocial personality disorder. *Id.* at 11. The evaluator also stated that "most clinicians do not consider [personality disorders to be] a form of major mental illness" and that "psychotropic medications . . . are less helpful in treating persons with personality disorders." *Id.* at 14.

On January 21, 2010, the district court held the second sentencing hearing. R. 33 (Sent. Tr. 1/21/10). The court sentenced Bailey to the statutory maximum of 120 months of imprisonment to run consecutively to the fourteen-year state sentence that he was already serving. *Id.* at 26. In support, the district court stated:

> The nature of this offense demonstrates a complete lack of respect for the law and refusal to abide by prior sentencing. You're bringing a loaded gun into a probation office, an arm of the judicial system, where you were directed to report pursuant to an arrest that occurred less than three months before. This extreme disregard for the judicial system and the laws of society demonstrated by your conduct weighs in favor of a sentence outside of the guidelines.
>
> . . .
>
> The Court believes that the long history of violations of the law along with the more recent escalation and dangerousness of these violations is of such concern that the Court believes that a sentence within the guideline range is not sufficient. The pattern of your committing crimes involves returning to criminal acts almost immediately after a prior charge. This demonstrates that you either have the inability to conform your conduct to the requirements of the law or an unwillingness to conform your conduct to the law.
>
> . . .
>
> The escalating nature of these offenses combined with your continued access to firearms demonstrates that you pose a serious risk of committing future violent crimes and that the public would be in danger from you and your acts.

*Id.* at 23-25.

Bailey timely appealed, challenging the reasonableness of his sentence.

## II. ANALYSIS

### A. Standard of Review

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may [] take the degree of variance into account and consider the extent of a deviation from the Guidelines," *id.* at 47, but must afford "due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance," *id.* at 51.

Bailey does not challenge the reasonableness of the district court's sentence on procedural grounds.[3] Accordingly, we review his sentence for substantive reasonableness only.

### B. Substantive Reasonableness of Sentence

Even though the Guidelines are no longer mandatory, "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* at 46. "A sentence may be substantively unreasonable where the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider

---

[3]Bailey has not raised arguments as to any of the recognized grounds for procedural error, which include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) (alternation in original; internal quotation marks omitted).

Bailey argues that his sentence is unreasonable because the district court: (1) gave unreasonable weight to his mental-health diagnosis; and (2) failed properly to consider the fourteen-year state sentence Bailey was already serving. We conclude that the district court did not abuse its discretion in imposing the 120-month sentence.

In deciding on the appropriate sentence, the district court discussed Bailey's antisocial personality disorder diagnosis. R. 33 (Sent. Tr. 1/21/10 at 23-24). Despite acknowledging counsel's assertion that individuals with antisocial personality disorder "get better" with age, the district court expressed concern about the uncertainty as to when manifestations of the disorder might subside. *Id.* at 23-24 ("I'll take her word for it and assume that as you get older that some of the characteristics of being a sociopath will diminish, if not disappear altogether. But you are a young man, and we have no idea when that might take place. One of the frustrating aspects of being a sociopath is that there is really no treatment that is available that helps."). The district court ultimately deemed the 120-month sentence appropriate in light of the fact that Bailey's "reckless and unpredictable conduct poses a continuing threat to society." *Id.* at 25.

This conclusion is not unreasonable. The district court considered Bailey's mental health in light of one of the § 3553(a) factors: public safety. We have previously upheld sentences when a district court found an individual's mental-health condition, and in particular antisocial personality

disorder, increased the risk of recidivism and thereby the danger to the public. *See United States v. Young*, 310 F. App'x 784, 796 (6th Cir. 2009) (unpublished opinion) (upholding sentence where district court found link between defendant's mental-health issues and risk of recidivism); *see also United States v. Clowers*, 280 F. App'x 496, 502 (6th Cir. 2008) (unpublished opinion) (rejecting argument that 360-month sentence was unreasonable because "the district court failed to adequately consider the benefits of treatment"). Moreover, the district court based its conclusion not just on Bailey's mental-health diagnosis but also his extensive criminal history, which had grown increasingly violent over time. R. 33 (Sent. Tr. 1/21/10 at 25). We have recognized that it may be "reasonable for [a] district court to place substantial weight on [a defendant's] criminal history in reaching its sentencing determination." *United States v. Webb*, 403 F.3d 373, 384 (6th Cir. 2005). In addition, the district court attempted to tailor the sentence to Bailey's mental-health needs by "recommend[ing] that the defendant be evaluated for mental health treatment while incarcerated" and "participate in a program of mental health treatment." R. 33 (Sent. Tr. 1/21/10 at 26-27). The district court did not give unreasonable weight to Bailey's mental-health diagnosis.

Bailey also argues that the district court failed to consider the reasonableness of the sentence in light of the fourteen-year state sentence Bailey was already serving.[4] At the sentencing hearing, defense counsel brought to the district court's attention the fact that Bailey was already serving a fourteen-year state sentence and therefore would be "looking at being out of his twenties when he's

---

[4]On appeal Bailey has not challenged the district court's determination that the 120-month sentence run consecutively to the fourteen-year state sentence.

released, no matter the sentence" for the present offense. *Id.* at 18. The government noted that Bailey was eligible for parole once he served thirty percent of the state sentence. *Id.* at 21. The district court nevertheless concluded that in light of Bailey's escalating offenses, which had become "more and more dangerous and frequent . . . a sentence of 96 months [was] inadequate to provide the public with sufficient protection [and] . . . to demonstrate to [Bailey] the seriousness of [his] conduct and to promote respect for the law." *Id.* at 25-26. Thus, the district court considered and rejected Bailey's argument in light of Bailey's extensive violent criminal activities. By grounding its reasoning in the § 3553(a) factors, the district court adequately justified the imposition of the 120-month sentence despite the fourteen-year state sentence. "[W]e are satisfied that the sentence imposed by the district court, although certainly harsh, is not unreasonable." *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009) (internal quotation marks omitted).

### III. CONCLUSION

Because the district court's sentence of 120 months of imprisonment was not unreasonable, we **AFFIRM** the judgment of the district court.